IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERTA MALORI,<br>#A1055612,<br><br>Plaintiff,<br><br>vs.<br><br>OAHU COMMUNITY<br>CORRECTIONAL CENTER (OCCC),<br>*et al.*,<br><br>Defendants. | CIVIL NO. 21-00420 LEK-KJM<br><br>ORDER DISMISSING VARIOUS<br>FILINGS WITH LEAVE GRANTED<br>TO AMEND |

## ORDER DISMISSING VARIOUS FILINGS WITH LEAVE GRANTED TO AMEND

Before the Court are Plaintiff Roberta Malori's ("Malori") "Complaint of use wrong identities information," ECF No. 1, "Civil Rights Complaint for Prisoner," ECF No. 3-1, "Civil Rights Complaint for prisoner-request injunction," ECF No. 3-2, "Civil Right Complaint for prisoner with injunction," ECF No. 4, "Civil Right Complaint for prisoner an injunction," ECF No. 5, and "Civil Right complaint against inhuman treatment and torture against Prisoner Civil Right complaint against racial, discrimination disability, hate crime, intolerance by ACO Tiffany violation of human rights, Civil Rights Complaint for Prison requesting

protection from retaliatory acts by ACO Tiffany and other's," ECF No. 7.  In addition, the Court also has before it Malori's "Motion to Combined."  ECF No. 3.

Malori makes an array of allegations in her various filings that have no apparent connection to one another.  Malori must decide which related claims, if any, she wants to pursue in this action, and which claims she might pursue in a separate action or separate actions.  Malori's "Complaint of use wrong identities information," "Civil Rights Complaint for Prisoner," "Civil Rights Complaint for prisoner-request injunction," "Civil Right Complaint for prisoner with injunction," "Civil Right Complaint for prisoner an injunction," and "Civil Right complaint against inhuman treatment and torture against Prisoner Civil Right complaint against racial, discrimination disability, hate crime, intolerance by ACO Tiffany violation of human rights, Civil Rights Complaint for Prison requesting protection from retaliatory acts by ACO Tiffany and other's" are DISMISSED with leave granted to amend.  Her "Motion to Combined" is DENIED.

## I.  <u>STATUTORY SCREENING</u>

The Court is required to screen all prisoner pleadings against government officials pursuant to 28 U.S.C. § 1915A(a).  *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune

from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  **BACKGROUND**[1]

Malori is a pretrial detainee at the Oahu Community Correctional Center ("OCCC").  *See* VINE, https://www.vinelink.com/classic/#/home/site/50000 (select "Find an Offender"; then enter "Wilborn" in "Last Name" field and "Roberta" in "First Name" field) (last visited Nov. 8, 2021).  She is awaiting trial in *State v. Wilborn*, No. 1CPC-19-0000658 (1st. Cir. Ct. Haw.).[2]  *See* ECF No.  at 1.  In the state court case, Malori is represented by Nelson W. Goo, Esq.

Malori filed in this court a "Complaint of use wrong identities information" on October 21, 2021.  ECF No. 1.  She named as Defendants the OCCC, the Honolulu Police Department, and the Queen's Medical Center.  *Id.* at 1.  Malori alleges that she should be identified as "Roberta Malori," not "Roberta Wilborn," in the state court case.  *Id.*

Malori filed a "Civil Rights Complaint for Prisoner" on October 22, 2021.  ECF No. 3-1.  Malori alleges that she was transferred from the OCCC to the Women's Community Correctional Center ("WCCC") on April 29, 2019, "for no valid reason" and "without seeing any [d]octors."  *Id.* at 1.  Malori further alleges

---

[1] For purposes of screening, Malori's allegations in her various filings are accepted as true.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[2] According to Malori, she is misnamed in the caption of the state court case.  *See* ECF No. 1 at 1.

that a doctor, Peter Y. Yamamoto (who is not named as a Defendant), "misdiagnosed" her with a "[p]sychotic disorder" on May 4, 2019. *Id.*

Malori filed a "Civil Rights Complaint for prisoner-request injunction" on October 22, 2021. ECF No. 3-2. Malori alleges that she has not been allowed to call her family in Italy since she was detained on June 14, 2021. *Id.* at 1. She further alleges that prison officials at the OCCC have returned mail addressed to her family because it is written in Italian. *Id.* at 2. Malori also alleges that she is being held under the wrong name. *Id.* at 1.

Malori filed a "Civil Right Complaint for prisoner with injunction" on October 25, 2021. ECF No. 4. Malori alleges that prison officials denied her "medications for [her] disability." *Id.* at 1. According to Malori, she had taken the medicine every day for ten years. *Id.* Malori claims that stopping the medication might cause a heart attack or another "serious medical problem." *Id.* On September 29, 2021, Malori was taken to the Queen's Medical Center because she was close to having a heart attack. *Id.* She remained in the hospital for two days. *Id.* Malori would like to see her "private doctors." *Id.* at 2.

Malori filed a "Civil Right Complaint for prisoner an injunction" on October 25, 2021. ECF No. 5. Malori seeks to have a mental health assessment by a doctor of her choice and to have that doctor review her medical records. *Id.* at 1–2.

Malori filed a "Civil Right complaint against inhuman treatment and torture against Prisoner Civil Right complaint against racial, discrimination disability, hate crime, intolerance by ACO Tiffany violation of human rights, Civil Rights Complaint for Prison requesting protection from retaliatory acts by ACO Tiffany and other's" on November 8, 2021.  ECF No. 7.  In this filing, Malori named an additional Defendant, ACO Tiffany.  *Id.* at 1.  Malori alleges that ACO Tiffany "tortured" her on October 28, 2021, by denying her medical care.  *Id.* at 1–4.

Finally, Malori filed a "Motion to Combined."  ECF No. 3.

### III. <u>DISCUSSION</u>

**A.  Failure to Follow Local Rules**

All civil actions and proceedings in this Court are governed by the Federal Rules of Civil Procedure and the Local Rules.  "All parties, including those proceeding pro se, are obligated to follow [the] Local Rules."  *See* LR1.3.  "Failure to follow a district court's local rules is a proper ground for dismissal."  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam); *see also Patel v. City of Los Angeles*, 791 F. App'x 688, 688 (9th Cir. 2020) (same).

Local Rule 99.2(a) states that "[a]ll prisoner complaints . . . shall be signed under penalty of perjury and legibly written or typewritten on approved court forms available on the court's website or from the clerk's office.  Documents that

6

do not substantially conform to court forms may be stricken or dismissed." LR99.2(a).  The Court has adopted an approved "Prisoner Civil Rights Complaint" form.  *See* United States District Court District of Hawaii, https://www.hid.uscourts.gov/dsp_accord.cfm (follow "Forms You Need To Complete to File a New Case"; then follow "Prisoner Civil Rights Complaint and Filing Instructions") (last visited Nov. 8, 2021).  The court-approved form provides a framework for a prisoner plaintiff, among other things, to identify the basis for the court's jurisdiction, to name the defendants and state in what capacity they are being sued, to specify the constitutional or other federal civil right that has been violated and the resulting injury, and to articulate a request for relief.  *Id.*

None of Malori's numerous filings are on the court-approved form, nor do they substantially conform to the approved form.  *See* ECF Nos. 1, 3-1, 3-2, 4, 5, 7.  If Malori would like this action to proceed, she must resubmit her claims using the approved Prisoner Civil Rights Complaint form.  A blank copy of the court-approved form will be provided to Malori with this Order.  In deciding which, if any, claims Malori will pursue using the court-approved form, she should consider the following procedural and substantive standards.

## B.  Improper Joinder

A party asserting a claim may join, as independent or alternative claims, as many claims as it has against an opposing party.  Fed. R. Civ. P. 18.  "To name

7

different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties." *Weeks v. Espinda*, Civ. No. 10-00305 JMS/KSC, 2010 WL 2218631, at *3 (D. Haw. June 2, 2010).  Rule 20(a)(2) allows joinder of defendants only if the following two requirements are met:  (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.  Fed. R. Civ. P. 20(a)(2)(A)–(B); *Stribling v. Tobias*, 690 F. App'x 972, 973 (9th Cir. 2017).  Unrelated claims involving different defendants belong in different suits.  *See What v. Honolulu Police Dep't*, Civ. No. 13-00373 HG-RLP, 2014 WL 176610, at *4–5 (D. Haw. Jan. 13, 2014).

Malori's numerous filings attempt a variety of unrelated claims in this action.  Her allegations include that:  (1) she is improperly named in her state case, ECF No. 1 at 1; (2) she was improperly transferred from the OCCC to the WCCC on April 29, 2019, ECF No. 3-1 at 1; (3) she was not allowed to call or send mail to her family in Italy in June 2021, ECF No. 3-2 at 1–2; (4) she was denied medication for some period before September 29, 2021, ECF No. 4 at 1; (5) she should be allowed to have a mental assessment performed by a doctor of her choice, ECF No. 5 at 1–2; and (6) ACO Tiffany denied her medical care on October 28, 2021, ECF No. 7 at 1–4.

If Malori chooses to file an amended pleading, any claim asserted therein must be permitted by either Rule 18 or Rule 20.  Malori may state a single claim against a single defendant.  Pursuant to Rule 18, Malori may then add any additional claims to her action that are against the same defendant.  Fed. R. Civ. P. 18.  Malori may also add any additional claims against other defendants, if those claims arise from the same transaction, occurrence, or series of transactions as her original claim.  Fed. R. Civ. P. 20(a)(2).

Malori may not pursue a combination of unrelated claims in a single suit. *See Char v. Kaiser Hosp.*, Civ. No. 18-00345 JAO-RLP, 2019 WL 80890, at *3 (D. Haw. Jan. 2, 2019) ("Unrelated claims involving different defendants must be brought in separate actions.").  She may, however, raise any unrelated claims in a separate action or actions.  *See D'Agirbaud v. Kam*, Civ. No. 20-00139 JAO-KJM, 2020 WL 3258408, at *5 (D. Haw. June 16, 2020) (explaining that dismissing complaint for misjoinder allowed plaintiff "to decide which related claims he will pursue in this action, and which claims he will bring in a new action").  Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.  If Malori is alleging that a Defendant violated a constitutional or other federal civil right, she should also consider the following legal standards.

## C.  Legal Framework for Claims under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of her rights.

## D.  Eleventh Amendment Immunity

Malori names the OCCC as a Defendant.  *See* ECF No. 1 at 1.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see*

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  It does not bar official-capacity suits for prospective relief to enjoin alleged ongoing violations of federal law.  *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

If Malori seeks to sue the OCCC, any such claims would be barred by the Eleventh Amendment.  *See McGinnis v. Halawa Corr. Facility*, Civ. No. 20-00567 DKW-KJM, 2021 WL 115654, at *2 (D. Haw. Jan. 12, 2021) ("Any claims against . . . the [Halawa Correctional Facility] are barred by the Eleventh Amendment."); *Rowan v. Dep't of Pub. Safety O.C.C.C.*, No. 1:19-cv-00040 LEK-KJM, 2019 WL 637764, at *2 (D. Haw. Feb. 14, 2019) ("Neither the Hawaii Department of Public Safety (DPS) . . . nor OCCC, a jail, are . . . subject to suit under the Eleventh Amendment.").

## E.  Municipal Liability

Malori also names the Honolulu Police Department ("HPD") as a Defendant.  *See* ECF No. 1 at 1.  "[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  A local government unit, however, may not be held

11

responsible for the acts of its employees under a respondeat superior theory of liability. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). "To prevail on a claim against a municipal entity for a constitutional violation, a plaintiff must show that an official's action that caused the plaintiff's injury was pursuant to official municipal policy of some nature." *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc). Malori has not alleged that a policy or custom of the HPD caused an alleged constitutional deprivation.

## F. Private Actors

Malori names the Queen's Medical Center, a private entity, as a Defendant. *See* ECF No. 1 at 1. "[M]ost rights secured by the Constitution are protected only against infringement by governments," so "the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (internal quotation marks omitted). Thus, a plaintiff seeking to challenge a private party's conduct under 42 U.S.C. § 1983 must show that "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State," meaning that the private party's conduct is "state action." *Ohno v. Yasuma*, 723 F.3d 984, 993 (9th Cir. 2013). If the conduct "is not so attributable, then there is no 'state action' and no violation," and no claim under 42 U.S.C. § 1983. *Ohno*, 723 F.3d at 993. Malori does not allege any facts showing that certain actions taken by the Queen's Medical Center are

attributable to the State.  Indeed, Malori does not say what the Queen's Medical Center did that caused him harm or how the State was involved.

## G.  Statute of Limitations

Malori complains that she was transferred from the OCCC to the WCCC on April 29, 2019.  ECF No. 3-1 at 1.  Because 42 U.S.C. § 1983 does not contain its own statute of limitations, "[a]ctions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions." *Knox v. Davis*, 260 F.3d 1009, 1012–13 (9th Cir. 2001) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). In Hawaii, the statute of limitations for personal injury actions is two years.  *See* Haw. Rev. Stat. § 657-7; *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019).  Malori should consider the statute of limitations in deciding which claims, if any, she wants to pursue in this action.

## H.  Caption in State Court Case

At various points, Malori complains about the caption in her state court case. *See* ECF No. 1 at 1, ECF No. 3-1 at 1.  "Section 1983 provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990).  "Unless there is a breach of constitutional rights, . . . § 1983 does not provide redress in federal court for violations of state law." *Pizzuto v. Tewalt*,

997 F.3d 893, 905 (9th Cir. 2021) (quotation marks and citation omitted) (ellipsis in original).  Malori does not allege that the caption in her state court case violates the Constitution or laws of the United States.  To the extent that Malori believes that the caption in her state court case should be changed, she should seek such relief in state court, where she is represented by counsel, not here.

## I.  Pretrial Detainees

Malori complains about various conditions she experienced at the OCCC.  In general, "under the Due Process Clause, a [pretrial] detainee may not be punished prior to an adjudication of guilt[.]" *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 777 (9th Cir. 2014).  Thus, "the Due Process Clause protects a detainee from certain conditions and restrictions of pretrial detainment" that "amount to punishment of the detainee." *Bell*, 441 U.S. at 533, 535.

"Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense, however." *Id.* at 537.  "The fact that . . . detention interferes with the detainee's understandable desire to live as comfortably as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Id.*

14

Courts must determine "whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538. "Absent a showing of an expressed intent to punish . . . , that determination generally will turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it." *Id.* (quotation marks, brackets, and citation omitted). "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* "[T]he government has a legitimate interest in 'ensuring a detainee's presence at trial,' 'maintaining jail security,' and in 'the effective management of the detention facility once the individual is confined.'" *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1484–85 (9th Cir. 1993) (quoting *Bell*, 441 U.S. at 540). "Retribution and deterrence are not legitimate nonpunitive governmental objectives." *Bell*, 441 U.S. at 539 n.20.

## J.  Medical Care

Malori alleges that she was denied "medications for [her] disability." ECF No. 4 at 1. She further alleges that she needs an "outside mental evaluation" and access to her medical records. ECF No. 5 at 1. Finally, she alleges that ACO Tiffany denied her medical care on October 28, 2021. ECF No. 7 at 1–4.

"[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018).  The elements of a pretrial detainee's medical care claim are:  (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries.  *Id.* at 1125.  "The mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment."  *Id.* (quotation marks and citation omitted).  "Thus, the plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard."  *Id.* (quotation marks and citation omitted).

At this point, Malori has not said what medication she needed, who she asked for the medicine, when she did so, or what she was told when she did so. She has also not said why she needs an "outside mental evaluation," who she asked for one, or how they responded.  Finally, Malori does not say what medical records

she needs for what purpose.  She also fails to explain how a prison official

prevented her from obtaining these records.

## K.  Correspondence

Malori further alleges that prison officials returned her outgoing mail that

was written in Italian.  ECF No. 3-2 at 2.  Prisoners enjoy a First Amendment right

to send and receive mail.  *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995)

(per curiam).  "[A] prison may adopt regulations which impinge on an inmate's

constitutional rights if those regulations are reasonably related to legitimate

penological interests."  *Id.* (quotation marks and citation omitted).  "When a prison

regulation affects outgoing mail as opposed to incoming mail, there must be a

closer fit between the regulation and the purpose it serves."  *Id.* (quotation marks

and citation omitted).  Based on Malori's numerous filings in this matter, she

clearly writes and understands English.  She does not allege that her family

members in Italy cannot do the same.  In addition, Malori has not identified who

refused to send her outgoing mail, who she complained to about the issue, or how

they responded.

## L.  Telephone

Finally, Malori alleges that she has not been allowed to call her family in

Italy.  ECF No. 3-2 at 1.  Decades ago, the Ninth Circuit said in dicta that prisoners

and pretrial detainees have a First Amendment right to telephone access.  *See Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986); *see also Keenen v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("Prisoners have a First Amendment right to telephone access, subject to reasonable security limitations.").  More recently, the Ninth Circuit explained that that First Amendment protects "the right to communicate with persons outside prison walls."  *Valdez v. Rosenblum*, 302 F.3d 1039, 1048 (9th Cir. 2002).  "Use of a telephone provides a *means* of exercising this right."  *Id.*  Use of a telephone, however, is "subject to rational limitations in the fact of legitimate security interests of the penal institution."  *Strandberg*, 791 F.2d at 747 (quotation marks and citation omitted).  "If the limitations on access are reasonable, there is no first amendment violation."  *Id.*  Malori has not identified which prison official prohibited her from calling her family in Italy, when this occurred, or what the prison officially allegedly said.

## IV.  <u>LEAVE TO AMEND</u>

When a pleading is dismissed under 28 U.S.C. § 1915A, district courts have discretion to dismiss with or without leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc).  "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."  *Id.* at 1129.  "Unless it is absolutely clear that no amendment can cure

the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted); *see also Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015) (order) ("We have held that a district court's denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile.").

Malori's "Complaint of use wrong identities information," ECF No. 1, "Civil Rights Complaint for Prisoner," ECF No. 3-1, "Civil Rights Complaint for prisoner-request injunction," ECF No. 3-2, "Civil Right Complaint for prisoner with injunction," ECF No. 4, "Civil Right Complaint for prisoner an injunction," ECF No. 5, and "Civil Right complaint against inhuman treatment and torture against Prisoner Civil Right complaint against racial, discrimination disability, hate crime, intolerance by ACO Tiffany violation of human rights, Civil Rights Complaint for Prison requesting protection from retaliatory acts by ACO Tiffany and other's," ECF No. 7, are DISMISSED with leave granted to amend. If Malori decides to pursue any of her claims, she must file a first amended complaint on or before **December 17, 2021** that attempts to cure the deficiencies in those claims. Malori may not expand her claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the

"Complaint of use wrong identities information," "Civil Rights Complaint for Prisoner," "Civil Rights Complaint for prisoner-request injunction," "Civil Right Complaint for prisoner with injunction,"  "Civil Right Complaint for prisoner an injunction," or "Civil Right complaint against inhuman treatment and torture against Prisoner Civil Right complaint against racial, discrimination disability, hate crime, intolerance by ACO Tiffany violation of human rights, Civil Rights Complaint for Prison requesting protection from retaliatory acts by ACO Tiffany and other's."  Claims that do not properly relate to those in Malori's previous filings are subject to dismissal.

Malori must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.4, which require an amended complaint to be complete itself, without reference to any prior pleading.  An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights complaint form.  An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.1; LR10.4.  Claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V. **28 U.S.C. § 1915(g)**

If Malori fails to file an amended complaint or is unable to amend her claims

to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C.

§ 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action

or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical
> injury.

28 U.S.C. § 1915(g).

Alternatively, Malori may voluntarily dismiss her action pursuant to Fed. R.

Civ. P. 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C.

§ 1915(g).

## VI.  **CONCLUSION**

(1) Malori's "Complaint of use wrong identities information," ECF No. 1,

"Civil Rights Complaint for Prisoner," ECF No. 3-1, "Civil Rights Complaint for

prisoner-request injunction," ECF No. 3-2, "Civil Right Complaint for prisoner

with injunction," ECF No. 4, "Civil Right Complaint for prisoner an injunction,"

ECF No. 5, and "Civil Right complaint against inhuman treatment and torture

against Prisoner Civil Right complaint against racial, discrimination disability, hate

crime, intolerance by ACO Tiffany violation of human rights, Civil Rights

Complaint for Prison requesting protection from retaliatory acts by ACO Tiffany

and other's," ECF No. 7, are DISMISSED with leave granted to amend.

(2) Malori's "Motion to Combined," ECF No. 3, is DENIED.

(3) If Malori decides to pursue any of her claims, she must file an amended

complaint that addresses the noted deficiencies in her claims on or before

**December 17, 2021.**

(4) Failure to timely file an amended pleading may result in AUTOMATIC

DISMISSAL of this suit without further notice, and Malori may incur a strike

under 28 U.S.C. § 1915(g).  ALTERNATIVELY, Malori may voluntarily dismiss

her action pursuant to Fed. R. Civ. P. 41(a)(1), and such a dismissal will not count

as a strike under 28 U.S.C. § 1915(g).

//

//

//

//

//

//

//

//

22

(5) The Clerk is DIRECTED to send Malori a blank prisoner civil rights complaint form so that she can comply with this order if she elects to file an amended pleading.

IT IS SO ORDERED.

DATED: November 17, 2021, at Honolulu, Hawaii.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ROBERTA MALORI VS. OAHU COMMUNITY CORRECTIONAL CENTER (OCCC), ET AL; CV 21-00420 LEK-KJM; ORDER DISMSSING VARIOUS FILIINGS WITH LEAVE GRANTED TO AMEND**