IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERTA MALORI, #A1055612, <br><br> Plaintiff, <br><br> vs. <br><br> OAHU COMMUNITY CORRECTIONAL CENTER (OCCC), *et al.*, <br><br> Defendants. | CIVIL NO. 21-00420 LEK-KJM <br><br> ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE GRANTED TO AMEND |

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE GRANTED TO AMEND**

Before the Court is pro se Plaintiff Roberta Malori's ("Malori") First Amended Prisoner Civil Rights Complaint ("FAC") brought pursuant to 42 U.S.C. § 1983. ECF No. 20. Malori alleges that the Honolulu Police Department ("HPD"), the Oahu Community Correctional Center ("OCCC"), and the Queen's Medical Center ("QMC") violated her constitutional rights by threatening her safety. *See id.* at 1–7. For the following reasons, the FAC is DISMISSED with partial leave granted to amend. If she chooses to do so, Malori may file an amended pleading on or before **March 16, 2022**. In the alternative, Malori may

voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(1), and this dismissal will not count as a strike under 28 U.S.C. § 1915(g).

## I. **STATUTORY SCREENING**

The Court is required to screen all prisoner pleadings against government officials pursuant to 28 U.S.C. § 1915A(a). *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338,

342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  BACKGROUND[1]

Malori is a pretrial detainee at the OCCC. *See* VINE, https://www.vinelink.com/classic/#/home/site/50000 (select "Find an Offender"; then enter "Wilborn" in "Last Name" field and "Roberta" in "First Name" field) (last visited Jan. 19, 2022). She is awaiting trial in *State v. Wilborn*, No. 1CPC-19-0000658 (1st. Cir. Ct. Haw.).[2] *See* ECF No. 20-2 at 1–2. In the state court case, Malori is represented by Nelson W. Goo, Esq. *See id.* at 6.

Malori initiated this suit by filing a "Complaint of use wrong identities information," ECF No. 1, "Civil Rights Complaint for Prisoner," ECF No. 3-1, "Civil Rights Complaint for prisoner-request injunction," ECF No. 3-2, "Civil Right Complaint for prisoner with injunction," ECF No. 4, "Civil Right Complaint

---

[1] For purposes of screening, Malori's allegations are accepted as true. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[2] According to Malori, she is misnamed in the caption of the state court case. *See* ECF No. 20-2 at 2.

for prisoner an injunction," ECF No. 5, and "Civil Right complaint against inhuman treatment and torture against Prisoner Civil Right complaint against racial, discrimination disability, hate crime, intolerance by ACO Tiffany violation of human rights, Civil Rights Complaint for Prison requesting protection from retaliatory acts by ACO Tiffany and other's," ECF No. 7.

The Court issued an Order Dismissing Various Filings with Leave Granted to Amend on November 17, 2021.  ECF No. 8.  In dismissing Malori's various filings, the Court reminded Malori that she must comply with the Local Rules.  *Id.* at 6–7.  The Court also identified numerous deficiencies in Malori's claims.  For example, the Court explained that:  (1) Malori did not comply with the joinder rules; (2) any claims against the OCCC were barred by the Eleventh Amendment; (3) Malori failed to state a claim against the HPD; (4) Malori failed to state a claim against the QMC; (5) some of Malori's claims might be untimely; and (6) to the extent Malori argued the caption in her state court case should be changed, she should seek such relief in state court.  *Id.* at 7–14.  The Court also provided Malori with the applicable legal standards for various Fourteenth Amendment claims suggested in her filings.  *Id.* at 14–18.

The Court received and filed the FAC on January 12, 2022.  ECF No. 20. Malori alleges in Count I of the FAC that the HPD misnamed her in an arrest record on April 26, 2019.  *Id.* at 5.  According to Malori, she was "forced to

become an undocumented non-existent person" because of the HPD's alleged "identity-benefits-disability-SSI-medical fingerprints-immigration [fraud]." *Id.* Malori alleges in Count II that the OCCC misidentified her when she was detained on April 29, 2019. *Id.* at 6. According to Malori, this was "part of the systematic practice of forced disappearance." *Id.* Malori alleges in Count III that she is also misidentified in records at the QMC. *Id.* at 7.

### III. DISCUSSION

**A. Legal Framework for Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). Thus, a plaintiff must allege

5

that she suffered a specific injury because of a particular defendant's conduct and must affirmatively link that injury to the violation of her rights.

## B. Statute of Limitations

Section 1983 does not contain its own statute of limitations, therefore, "[a]ctions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions." *Knox v. Davis*, 260 F.3d 1009, 1012–13 (9th Cir. 2001) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). In Hawaii, the statute of limitations for personal injury actions is two years. *See* Haw. Rev. Stat. § 657-7; *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019).

Malori complains in Count I about events that allegedly occurred on April 26, 2019. ECF No. 20 at 5. In Count II, she complains about events that allegedly occurred on April 29, 2019. *Id.* at 6. The earliest date Malori might have given to prison officials her initial filing in this case, however, was October 15, 2021—that is, the date she signed her Complaint. *See* Doc. 1 at 2. Because October 15, 2021, plainly is more than two years after April 26, 2019, and April 29, 2019, it appears that Malori's claims in Count I and Count II are barred by the statute of limitations. Even if these claims were timely, they must nevertheless be dismissed for the following reasons.

### C. Municipal Liability

In Count I, Malori names the HPD as a Defendant. *See* ECF No. 20 at 5. "[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). A local government unit, however, may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). "To prevail on a claim against a municipal entity for a constitutional violation, a plaintiff must show that an official's action that caused the plaintiff's injury was pursuant to official municipal policy of some nature." *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc).

Although Malori alleges that unidentified officers of the HPD misidentified her in arrest records, she has not plausibly alleged that a policy or custom of the HPD caused a constitutional deprivation or a violation of federal law. Malori therefore fails to state a claim against the HPD. Malori's claims against the HPD are DISMISSED with leave granted to amend.

### D. Eleventh Amendment Immunity

In Count II, Malori names the OCCC as a Defendant. *See* ECF No. 20 at 6. "The Eleventh Amendment bars suits for money damages in federal court against a

state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). It does not bar official-capacity suits for prospective relief to enjoin alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Nor does it bar suits for damages against state officials in their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

As the Court explained in dismissing Malori's earlier filings, ECF No. 8 at 10–11, any claims against the OCCC are barred by the Eleventh Amendment, *see McGinnis v. Halawa Corr. Facility*, Civ. No. 20-00567 DKW-KJM, 2021 WL 115654, at *2 (D. Haw. Jan. 12, 2021) ("Any claims against . . . the [Halawa Correctional Facility] are barred by the Eleventh Amendment."); *Rowan v. Dep't of Pub. Safety O.C.C.C.*, No. 1:19-cv-00040 LEK-KJM, 2019 WL 637764, at *2 (D. Haw. Feb. 14, 2019) ("Neither the Hawaii Department of Public Safety (DPS) . . . nor OCCC, a jail, are . . . subject to suit under the Eleventh Amendment."). Malori's claims against the OCCC remain DISMISSED with prejudice.

### E. Private Actors

In Count III, Malori names the QMC, a private entity, as a Defendant. *See* ECF No. 20 at 7. "[M]ost rights secured by the Constitution are protected only against infringement by governments," so "the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (internal quotation marks omitted). Thus, a plaintiff seeking to challenge a private party's conduct under 42 U.S.C. § 1983 must show that "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State," meaning that the private party's conduct is "state action." *Ohno v. Yasuma*, 723 F.3d 984, 993 (9th Cir. 2013). If the conduct "is not so attributable, then there is no 'state action' and no violation," and no claim under 42 U.S.C. § 1983. *Ohno*, 723 F.3d at 993.

Malori has not plausibly alleged that the QMC threatened her safety. Indeed, Malori acknowledges that the QMC "acted in good faith." ECF No. 10 at 7. Moreover, it is not apparent why any complained-of conduct by the QMC should be attributed to the State. Malori's claim against the QMC, therefore, may not proceed and is DISMISSED with leave granted to amend. If Malori decides to file another amended pleading, she should consider the following legal standards.

**F. Pretrial Detainees**

Malori complains about various conditions she experienced at the OCCC as a pretrial detainee.[3]  In general, "under the Due Process Clause, a [pretrial] detainee may not be punished prior to an adjudication of guilt[.]" *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 777 (9th Cir. 2014).  Thus, "the Due Process Clause protects a detainee from certain conditions and restrictions of pretrial detainment" that "amount to punishment of the detainee." *Bell*, 441 U.S. at 533, 535.

"Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense, however." *Id.* at 537.  "The fact that . . . detention interferes with the detainee's understandable desire to live as comfortably as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Id.*

---

[3] At one point, Malori cites 18 U.S.C. § 841.  ECF No. 20 at 5.  Section 841 provides definitions for certain criminal provisions relating to the importation, manufacture, distribution, and storage of explosive materials.  *See* 18 U.S.C. § 841.  To the extent Malori seeks to enforce a criminal statute, she lacks standing to do so.  *See Tuomela v. Waldorf-Astoria Grand Wailea Hotel*, Civ. No. 20-00117 JMS-RT, 2020 WL 3490027, at *2 (D. Haw. June 26, 2020) ("[W]hether to prosecute criminal statutes and bring charges are decisions left to the discretion of a prosecutor.").  Because Malori is a pretrial detainee, her conditions-of-confinement claims are properly analyzed under the Fourteenth Amendment.

Courts must determine "whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538. "Absent a showing of an expressed intent to punish . . . , that determination generally will turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it." *Id.* (quotation marks, brackets, and citation omitted). "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* "[T]he government has a legitimate interest in 'ensuring a detainee's presence at trial,' 'maintaining jail security,' and in 'the effective management of the detention facility once the individual is confined.'" *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1484–85 (9th Cir. 1993) (quoting *Bell*, 441 U.S. at 540). "Retribution and deterrence are not legitimate nonpunitive governmental objectives." *Bell*, 441 U.S. at 539 n.20.

### G. Threat to Safety

In Counts I, II, and III, Malori marks a box next to "threat to safety." ECF No. 20 at 5–7. To establish a threat-to-safety claim under the Fourteenth Amendment, the plaintiff must show that:

> (1) [t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) [t]hose conditions put the plaintiff at substantial risk of suffering serious

> harm; (3) [t]he defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (formatting and footnoted omitted).

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (internal quotation marks, brackets, and citations omitted). A pretrial detainee who asserts a threat-to-safety claim must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

Malori fails to allege how any of the Defendants' alleged actions put her at substantial risk of suffering serious harm. Nor has she plausibly alleged that the Defendants' actions caused her injury.

### H. Correspondence

Malori alleges that the "OCCC mailroom unit" told her that any mail using her legal name would be thrown away. ECF No. 20 at 6. Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). "[A] prison may adopt regulations which

12

impinge on an inmate's constitutional rights if those regulations are reasonably related to legitimate penological interests." *Id.* (quotation marks and citation omitted). "When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a closer fit between the regulation and the purpose it serves." *Id.* (quotation marks and citation omitted).

Malori fails to identify who she allegedly spoke with in the mailroom or when the conversation occurred. Malori also does not say what she told the mailroom staff. Thus, it is unclear if the mailroom staff were even aware of Malori's belief that her legal name differed from the name used at the OCCC.

**I. Medical Care**

Malori alleges that she was denied her "disability medication." ECF No. 20 at 6. "[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). The elements of a pretrial detainee's medical care claim are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high

degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Id.* at 1125. "The mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id.* (quotation marks and citation omitted). "Thus, the plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (quotation marks and citation omitted).

At this point, Malori has not said what medication she needed, who she asked for the medicine, when she did so, or what she was told when she did so. Malori, therefore, has not alleged a plausible denial-of-medical-care claim.

## J. Caption in State Court Case

Malori again asks the Court to correct the caption in her state court case. *See* ECF No. 20 at 8. "Section 1983 provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990). "Unless there is a breach of constitutional rights, . . . § 1983 does not provide redress in federal court for violations of state law." *Pizzuto v. Tewalt*, 997 F.3d 893, 905 (9th Cir. 2021) (quotation marks and citation omitted) (ellipsis in original).

Malori has not plausibly alleged that the caption in her state court case violates the Constitution or laws of the United States. To the extent that Malori believes that the caption in her state court case should be changed, she should seek such relief in state court, where she is represented by counsel, not here.

## IV. **LEAVE TO AMEND**

When a pleading is dismissed under 28 U.S.C. § 1915A, district courts have discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Id.* at 1129. "Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted); *see also Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015) (order) ("We have held that a district court's denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile.").

Malori's FAC is DISMISSED with partial leave granted to amend. If Malori decides to pursue any of her claims, she must file a first amended complaint on or

before **March 16, 2022**, that attempts to cure the deficiencies in those claims. Malori may not expand her claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the FAC. Claims that do not properly relate to those in the FAC are subject to dismissal.

Malori must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.4, which require an amended complaint to be complete itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights complaint form. An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.1; LR10.4. Claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

### V. 28 U.S.C. § 1915(g)

If Malori fails to file an amended complaint or is unable to amend her claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

16

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Alternatively, Malori may voluntarily dismiss her action pursuant to Fed. R. Civ. P. 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

## VI.  CONCLUSION

(1) Malori's claims against the OCCC are DISMISSED with prejudice.

(2) Malori's remaining claims are DISMISSED with leave granted to amend.

(3) If Malori decides to do so, she must file an amended complaint that addresses the noted deficiencies in her claims on or before **March 16, 2022**.

(4) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Malori may incur a strike under 28 U.S.C. § 1915(g).  ALTERNATIVELY, Malori may voluntarily dismiss her action pursuant to Fed. R. Civ. P. 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Malori a blank prisoner civil rights complaint form so that she can comply with this order if she elects to file an amended pleading.

IT IS SO ORDERED.

DATED: January 19, 2022, at Honolulu, Hawaii.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ROBERTA MALORI VS. OAHU COMMUNITY CORRECTIONAL CENTER (OCCC), ET AL; CV 21-00420 LEK-KJM; ORDER DISMSSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE GRANTED TO AMEND**